UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| SUZETTE M. STEWART | ) | |
| | ) | |
| v. | ) | No. 1:03-cv-188 / 1:98-cr-077-06 |
| | ) | *Edgar* |
| UNITED STATES OF AMERICA | ) | |

**MEMORANDUM**

Suzette M. Stewart ("Stewart") moves for post-conviction relief pursuant to 28 U.S.C. § 2255. [Court File No. 1]. Pursuant to the Court's order [Court File No. 2] the United States filed a response [Court File No. 5]. Stewart subsequently filed a motion to amend her § 2255 motion [Court File No. 6]. After considering these motions and the government's response, the Court will **DENY** Stewart relief. The record conclusively shows that she is not entitled to any relief under 28 U.S.C. § 2255. There is no need for an evidentiary hearing.

**I.     Standard of Review Under 28 U.S.C. § 2255**

A federal prisoner may file a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence upon the ground that the sentence was imposed in violation of the United States Constitution. To obtain relief under § 2255, the movant bears the burden of establishing an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993); *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir.1999). "To prevail under 28 U.S.C. § 2255, a defendant must show a fundamental defect in the proceedings which

-1-

necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir.1994) (internal quotation omitted).

**II.     Facts**

Stewart, along with twenty-nine co-defendants, was charged in a one-count indictment with conspiring to distribute and possess with intent to distribute cocaine hydrochloride and cocaine base, in violation of 21 U.S.C. §§ 841(a) and 846. Stewart pled guilty to the one count.

The probation office prepared a presentence report for Stewart. The report attributed to Stewart in excess of 1.5 kilograms of cocaine, resulting in a base offense level of 38. Stewart also received a two-level enhancement for possession of a firearm and a three-level reduction for acceptance of responsibility. Based on Stewart's total offense level of 37 and her criminal history category of II, the report recommended a guidelines range of 235 to 293 months.

Stewart's counsel vigorously objected to the report, arguing against the firearm enhancement and the drug quantity. At the sentencing hearing, the Court agreed with Stewart's counsel regarding the drug quantity, ultimately reducing Stewart's base offense level to 36. The Court maintained the two-level firearm enhancement, resulting in a total offense level of 35. When combined with her criminal history category of II, Stewart faced a guidelines range of 188 to 235 months. The Court sentenced Stewart to 190 months imprisonment.

Stewart appealed the sentence. The Sixth Circuit affirmed. *United States v. Stewart*, 306 F.3d 295 (6th Cir. 2002). Stewart timely filed this § 2255 motion.

**III.     Analysis**

In her § 2255 motion, Stewart alleges that her sentence should be vacated, set aside, or corrected because of various jurisdictional deficiencies and because her counsel was ineffective for

failing to raise these jurisdictional arguments. After the Supreme Court's decision in *Blakely v. Washington*, ---U.S.---, 124 S.Ct. 2531 (2004), Stewart moved to amend her § 2255 motion to include a *Blakely* claim and additional ineffective assistance of counsel claims. The Court will **GRANT** Stewart's motion to amend and will consider each of these claims. After thoroughly reviewing the record, the Court will **DENY** Stewart relief on each of these grounds.

### A. Jurisdictional Claims

Stewart wages multiple arguments that this Court lacked jurisdiction over her case. First, Stewart contends that this Court lacked subject matter jurisdiction over her case. To Stewart, jurisdiction only lay in Tennessee state court rather than federal court. Stewart is mistaken. Title 18, United States Code, Section 3731 confers original, exclusive jurisdiction upon this and other United States district courts to hear criminal cases charging violations of federal law: "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3731. Stewart was charged with a violation of federal law, specifically 21 U.S.C. §§ 841 and 846. Consequently, this Court had jurisdiction over Stewart's case, and this claim warrants no relief.

Next, Stewart contends that Congress lacked the authority to enact the federal drug statutes and, therefore, the provisions are unconstitutional. Unfortunately for Stewart, every Court of Appeals has held that the Controlled Substances Act, 21 U.S.C. §§ 801 to 971, is a constitutional exercise of Congress' power under the Commerce Clause. *United States v. Westbrook*, 125 F.3d 996, 1009-10 (7th Cir. 1997); *United States v. Edwards*, 98 F.3d 1364, 1369 (D.C. Cir. 1996); *United States v. Orozco*, 98 F.3d 105, 107 (3d Cir.1996); *United States v. Kim*, 94 F.3d 1247, 1249-50 (9th Cir. 1996); *United States v. Tucker*, 90 F.3d 1135, 1140-41 (6th Cir.1996); *United States v.*

*Bell*, 90 F.3d 318, 321 (8th Cir. 1996); *United States v. Lerebours*, 87 F.3d 582, 584-85 (1st Cir. 1996); *United States v. Genao*, 79 F.3d 1333, 1336-37 (2d Cir. 1996); *United States v. Wacker*, 72 F.3d 1453, 1475 (10th Cir. 1995); *United States v. Leshuk*, 65 F.3d 1105, 1112 (4th Cir. 1995); *United States v. Bernard*, 47 F.3d 1101, 1103 (11th Cir. 1995) (per curiam); *United States v. Owens*, 996 F.2d 59, 60-61 (5th Cir. 1993).

Stewart also contends that the federal drug statutes are unconstitutional as applied to her because these provisions apply exclusively to those who are required to be licenced or registered. This argument is also without merit. On its face, 21 U.S.C. § 841(a) applies broadly to "any person" and is not restricted to those licensed or registered. 21 U.S.C. § 841(a)(1). The case law is in accord. *See, e.g.*, *Wacker*, 72 F.3d at 1475; *United States v. Johnson*, 831 F.2d 124, 127 (6th Cir. 1987); *accord Wesley v. United States*, No. 94-5494, 1995 WL 27471, at *2 (6th Cir. Jan. 24, 1995); *Marion v. United States*, No. 94-5180, 1994 WL 545441, at *1 (6th Cir. Oct. 5, 1994); *United States v. Hall*, No. 91-50666, 1992 WL 246973, at *1 (9th Cir. Oct. 1, 1992). Stewart is certainly a person and, therefore, is subject to 21 U.S.C. § 841.

Finally, Stewart also argues that Title 21 of the United States Code was never enacted into positive law and therefore the statutes therein are without effect. However, "Congress's failure to enact a title into positive law has only evidentiary significance and does not render the underlying enactment invalid or unenforceable." *Ryan v. Bilby*, 764 F.2d 1325, 1328 (9th Cir. 1985). Accordingly, that Title 21 was never enacted into positive law does not effect a conviction under 21 U.S.C. § 841. *See, e.g.*, *United States v. Almonte-Nunez*, No. 99-3059, 1999 WL 1215922, at *1 (D.C. Cir. Nov. 12, 1999); *United States v. Skurdal*, No. 91-30441, 1993 WL 164651, at *1 (9th Cir. May 17, 1993); *Ryan*, 764 F.2d at 1328. Stewart's conviction under § 841 is valid.

### B. *Blakely-Booker* Claim

Following the Supreme Court's decision in *Blakely v. Washington*, ---U.S.---, 124 S.Ct. 2531 (2004), Stewart moved to amend her § 2255 motion to include a claim that her sentence was imposed in violation of *Blakely*. [Court File No. 6]. As noted above, the Court will **GRANT** Stewart's motion to amend her § 2255 motion and will consider Stewart's *Blakely* claim. Stewart's claim is now governed by the Supreme Court's intervening decision in *United States v. Booker*, ---U.S.---, 125 S.Ct. 738 (2005), which applies *Blakely* to the Federal Sentencing Guidelines.

*Booker* provides Stewart no relief. The Sixth Circuit has explicitly held that *Booker* does not apply retroactively in collateral proceedings. *Humphress v. United States*, 398 F.3d 855, 860-63 (6th Cir. 2005). This decision is in accord with every other circuit to consider the issue. *In re Olopade*, ---F.3d---, 2005 WL 820550, at *3 (3d Cir. Apr. 11, 2005); *Bey v. United States*, 399 F.3d 1266, 1269 (10th Cir. 2005); *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005); *Green v. United States*, 397 F.3d 101, 103 (2d Cir. 2005). Because Stewart's conviction was final before the *Booker* decision, *Booker* is inapplicable to her § 2255 motion. Accordingly, Stewart is not entitled to any relief based on *Booker*.

### C. Ineffective Assistance of Counsel

Lastly, Stewart contends her counsel was ineffective in multiple fashions. Ineffective assistance of counsel occurs when an attorney's deficient performance prejudices the defendant. *Lockhart v. Fretwell*, 506 U.S. 356, 369 (1993); *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Sowell v. Bradshaw*, 372 F.3d 821, 836 (6th Cir. 2004); *Smith v. Mitchell*, 348 F.3d 177, 199 (6th Cir. 2003); *Skaggs v. Parker*, 235 F.3d 261, 266-67 (6th Cir. 2000). In *Strickland* the Supreme

Court set forth a two-part test for evaluating ineffective assistance of counsel claims. 466 U.S. at 687; *Sowell*, 372 F.3d at 836; *Smith*, 348 F.3d at 199. First, a defendant must demonstrate that counsel's performance was deficient, falling below an objective standard of reasonableness. *Id.*; *Sowell*, 372 F.3d at 836-37. Second, a defendant must establish that this deficient performance prejudiced the defense. *Id.*; *Sowell*, 372 F.3d at 836-37.

In determining whether an attorney's conduct was deficient, a defendant must demonstrate that his attorney's errors were so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment to the United States Constitution. *Id.*; *Sowell*, 372 F.3d at 836. The Court's scrutiny of the reasonableness of counsel's performance is highly deferential. *Id.* at 689; *Sowell*, 372 F.3d at 837. Defense counsel is strongly presumed to have rendered adequate legal assistance and to have made all decisions in the exercise of reasonably professional judgment and sound strategy. *Nix v. Whiteside*, 475 U.S. 157, 165 (1986); *Strickland*, 466 U.S. at 689-90; *Sowell*, 372 F.3d at 837.

The second prong of the *Strickland* test requires a defendant to show that his attorney's deficient performance prejudiced his case. *Strickland*, 466 U.S. at 687; *Sowell*, 372 F.3d at 836; *Smith*, 348 F.3d at 199. To establish prejudice, the defendant must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687; *accord Sowell*, 372 F.3d at 836; *Smith*, 348 F.3d at 199. A defendant must show a reasonable probability that, but for counsel's deficient performance, the result of the criminal proceeding would have been different. *Id.* at 694; *Smith*, 348 F.3d at 199. And when a defendant asserts an ineffective assistance of counsel claim in a plea agreement context, the defendant must demonstrate "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would

have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *accord Maples v. Stegall*, 340 F.3d 433, 440 (6th Cir. 2003). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial or judicial proceeding. *Id.* at 693-94.

In the instant case Stewart contends her counsel was ineffective for failing to raise the jurisdictional claims Stewart now raises in this § 2255 motion. Above, the Court discussed these claims, finding each to be meritless. Stewart's counsel was not ineffective for failing to raise these meritless claims.

In her motion to amend her § 2255 motion, Stewart raises multiple ineffective assistance of counsel claims, arguing first that her counsel failed to raise "factual inaccuracies in the [presentence report], which were relevant to (sic) determination of relevant conduct and acceptance of responsibility." [Court File No. 6 at p. 3]. Initially, Stewart does not identify for the Court the factual inaccuracies that allegedly exist in the report to which her counsel did not object. In any event, the record reflects that Stewart's counsel raised numerous objections to the presentence report, including objections concerning Stewart's relevant conduct and her acceptance of responsibility. According to the Addendum to the Presentence Report, Stewart and her counsel "raise[d] several issues after receipt of the original Presentence Report." The probation office reviewed these issues with Stewart at a second interview and, based on the interview, reduced Stewart's offense level by three levels to reflect Stewart's acceptance of responsibility. Following the first Addendum to the Presentence Report, Stewart's counsel raised more objections concerning Stewart's relevant conduct, resulting in a Second Addendum to the Presentence Report and the Court reducing Stewart's base offense level by two levels. Stewart's counsel was not ineffective in this regard.

-7-

Next, Stewart contends her counsel was ineffective for failing to provide Stewart the presentence report for her review before sentencing, as required by 18 U.S.C. § 3552(d). Again, the record belies Stewart's claim. Stewart indeed reviewed the initial report because she raised objections with the probation office, resulting in a second interview with that office which led to the Addendum to the Presentence Report. Further, Stewart's statements at the sentencing hearing, though slightly unclear, indicate she read the report and discussed it with her attorney, Mr. Hays:

> THE COURT: And, Ms. Stewart, have you read the pre-sentence report?
>
> THE DEFENDANT: The new one I haven't.
>
> THE COURT: The report that sets out all of the facts, you haven't read that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: You're sure you've read it now?
>
> THE DEFENDANT: Yes.
>
> THE COURT: All right. Mr. Hays has discussed it with you, has he? Has Mr. Hays discussed the pre-sentence report with you?
>
> THE DEFENDANT: Yes.

[Case No. 98-cr-77, Court File No. 773, Transcript of Sentencing Hearing at p. 3]. And even assuming Stewart did not read the revised presentence report, she fails to point to any factual inaccuracies in this report. In other words, Stewart does not identify any resulting prejudice. Consequently, her attorney was not ineffective in this regard.

Stewart also argues her counsel was ineffective for failing to appear at her initial sentencing hearing scheduled on March 29, 1999. Even assuming Stewart's counsel's failure to attend the

-8-

initial sentencing hearing constitutes deficient performance, it did not prejudice Stewart. The sentencing hearing was rescheduled for April 19, 1999. Stewart's counsel attended this hearing and argued successfully for a reduction in the drug quantity attributable to Stewart. Stewart's counsel's failure to attend the initial sentencing hearing was not ineffective.

Lastly, Stewart contends her counsel was ineffective for failing to investigate potential defenses so Stewart could make an informed decision about whether to plead guilty. Even assuming Stewart's counsel was deficient in this regard, Stewart was not prejudiced because she entered a knowing and voluntary plea. At Stewart's rearraignment, the Court meticulously advised Stewart of her constitutional rights, the ramifications of the plea agreement, the elements of the offense, and the potential penalties. [Case No. 98-cr-77, Court File No. 829 at pp. 8-11, 14-18, 21-31, 34]. The Court ensured that Stewart was not threatened or forced to plead in a particular manner and that her plea was voluntary. [*Id.* at p. 11]. The Court also found that a factual basis existed for the offense to which Stewart pled guilty. [*Id.* at 31-34]. After all of these explanations, Stewart still chose to plead guilty. [*Id.* at 34]. Stewart's plea was knowing, voluntary, and intelligent. Her counsel's failure to investigate potential defenses was not ineffective.

A separate order will enter.

>         */s/ R. Allan Edgar*
> R. ALLAN EDGAR
> CHIEF UNITED STATES DISTRICT JUDGE

Case 1:03-cv-00188  Document 7  Filed 04/22/05  Page 9 of 9  PageID #: 17